1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9  KYMBERLY G.,

10              Plaintiff,                    CASE NO. C19-5621-MAT

11       v.

12  ANDREW M. SAUL,                           ORDER  RE: SOCIAL SECURITY
    Commissioner of Social Security,          DISABILITY APPEAL

13

14              Defendant.

15       Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of

16  the Social Security Administration (Commissioner).   The Commissioner denied plaintiff's

17  applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after

18  a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the

19  administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

20                        **FACTS AND PROCEDURAL HISTORY**

21       Plaintiff was born on XXXX, 1972.[1]  She has a GED and previously worked as a salesclerk.

22

23

---

[1] Dates of birth must be redacted to the year.  Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

She also did volunteer work at a medical marijuana dispensary.  (AR 129.)

Plaintiff filed a DIB application and protectively filed an SSI application on January 4, 2016, alleging disability beginning January 1, 1997.[2] (AR 35.)   The application was denied initially and on reconsideration.  On December 1, 2017, ALJ Malcolm Ross held a hearing, taking testimony from plaintiff and a vocational expert (VE).  (AR 110-31.)  On May 30, 2018, the ALJ issued a decision finding plaintiff not disabled.  (AR 35-42.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on May 11, 2019 (AR 1), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

### JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

### DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had worked after the alleged disability onset date, but there was insufficient evidence to find it rose to the level of substantial gainful activity. Plaintiff testified she performed "volunteer" work at a marijuana dispensary, working three to four days a week, eight hours a day.  She received cannabis medicine

---

[2] Plaintiff had previously been granted DIB in 1998, but her benefits were terminated on April 14, 2015 due to medical improvement with a demonstrated ability to perform work-like activity.  Her previous applications were not reopened.  Therefore, the relevant time period for her DIB application begins April 15, 2015, the date after her benefits ceased.  (AR 35.)

ORDER
PAGE - 2

as well as petty cash for gas and mailings. She did not report any earnings.[3] Although this work was of a nature "generally performed for pay or profit", the ALJ found her work "out of abundance of caution … not clearly … to be substantial gainful activity." (AR 38.)

At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff to have medically determinable "possible mild general anxiety" that did not rise to the level of a severe impairment. (AR 38; 20 C.F.R. §§ 404.1521, 416.921.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ also conducted the step three analysis, finding plaintiff's mental impairments did not meet or equal the criteria of a listed impairment. *See* 20 C.F.R., Part 404, Subpt. P, App. 1, § 12.00 ("Mental Disorders"). Finding plaintiff not disabled, the ALJ did not proceed to steps four and five of the sequential evaluation.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278

---

[3] In October 2014, an anonymous source reported plaintiff was being paid "under the table" for this work. (AR 38, 884-87.) The investigation resulted in a termination of benefits based on ability to work but not a finding of fraud. (AR 169-71.)

F.3d 947, 954 (9th Cir. 2002).

Plaintiff asserts error at step two. She argues the ALJ erred in the assessment of the opinion of a medical provider and in considering her subjective testimony and that of a lay witness. Plaintiff requests remand for further proceedings including a *de novo* hearing. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

<u>Symptom Testimony</u>

Absent evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In considering the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ "examine[s] the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." Social Security Ruling (SSR) 16-3p.[4]

The ALJ found plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms inconsistent with her ability to perform substantial work activity at the marijuana dispensary. The ALJ based this finding on inconsistencies with her activities, the medical evidence, and other record evidence. (AR 39-40.)

The ALJ found plaintiff's previously described ability to perform substantial work activity

---

[4] Effective March 28, 2016, the Social Security Administration eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

at a marijuana dispensary inconsistent with her allegation she was unable to work due to her mental condition. The ALJ further found her description of her disabling mental limitations inconsistent with activities such as travel, taking her sixteen-year-old son to school, driving to work, doing her own shopping, and enrolling in college classes. (AR 40.)

The ALJ found plaintiff's statements concerning the intensity, persistence, and limiting effect of her symptoms not entirely consistent with the medical evidence. (AR 41.) Plaintiff does not challenge the ALJ's assessment of that evidence or the ALJ's finding of inconsistency with her symptom testimony.

The ALJ also noted inconsistencies between plaintiff's testimony and information set forth in the Cooperative Disability Investigations (CDI) report (*see* AR 431-45) involving travel and frequenting a casino. (AR 40.) Plaintiff describes the inconsistencies as "trivial." Nevertheless, the other sufficiently specific and unchallenged bases for the ALJ's evaluation of plaintiff's testimony renders any potential error on this particular basis harmless. *Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

<u>Lay Witness Statement</u>

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). *But see Molina v. Astrue*, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (describing how the failure to address lay testimony may be harmless). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. Inconsistency between a lay statement and evidence of a claimant's activities constitutes a specific and germane reason for discrediting lay testimony. *See Carmickle*, 533 F.3d at 1164.

The ALJ discussed a third-party function report filed by plaintiff's boyfriend, Cory Andre

Baughn, giving it little weight based on inconsistency with plaintiff's activities, such as working with customers at the marijuana dispensary, shopping, enrolling in college classes, and going to the casino. (AR 41-42.) Plaintiff does not dispute the ALJ's evaluation of this statement, but argues the ALJ erred in failing to specifically discuss a second statement by Mr. Baughn.

However, the Court agrees with the Commissioner that any failure to address the second statement is harmless because the same reasons given by the ALJ in evaluating the earlier statement apply equally to the later statement, as well as to plaintiff's statements, that is, the lack of consistency with plaintiff's activities. *See Molina*, 674 F.3d at 1118-19 ("Molina has not suggested any basis for concluding that an ALJ's failure to discuss a lay witness's testimony expressly is likely to affect the outcome in situations where the testimony is similar to other testimony that the ALJ validly discounted, or where the testimony is contradicted by more reliable medical evidence that the ALJ credited.") Plaintiff attempts to distinguish the first and second statements, pointing to observations about cutting herself, being sad and depressed, and needing help keeping on schedule. However, the Court finds the two statements not materially different in the description of plaintiff's difficulties. Mr. Baughn acknowledges plaintiff's issues with cutting have lasted "a long time." (AR 413-14.) The ALJ's unchallenged bases for evaluating Mr. Baughn's first statement are equally germane to the second statement. The Court finds no error.

## Step Two

"[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted). At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment must result from anatomical, physiological,

or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by a statement of symptoms. 20 C.F.R. §§ 404.1521, 416.921. A claimant bears the burden of showing her medically determinable impairments are severe. *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985). A severe impairment may not be established based on symptoms alone. 20 C.F.R. §§ 404.1521, 416.921; *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005).

1. Headaches

Plaintiff argues the ALJ failed to consider the diagnosis by neurologist John Miller, M.D., of chronic headache syndrome. (AR 460.) However, this diagnosis alone does not suffice to establish a severe impairment. Dr. Miller did not describe any functional restrictions caused by plaintiff's headaches and plaintiff cites no other evidence of headaches impacting her ability to work. Plaintiff fails to establish harmful error in the ALJ's consideration of Dr. Miller's diagnosis of chronic headache syndrome.

2. Mental impairments

The ALJ found plaintiff failed to show the existence of any impairment that significantly limited her ability to perform basic work-related activities for twelve consecutive months. (AR 38.) While plaintiff argues her cutting behavior should have been considered separately, the ALJ considered all of plaintiff's mental health symptoms "regardless of precise diagnostic labels." (*Id.*)

Also, although the ALJ found the record insufficient to establish plaintiff's work at a marijuana dispensary provided her with remuneration arising to the level of substantial gainful activity, the ALJ did find the activities performed by plaintiff to constitute substantial work activity. Plaintiff worked three-to-four days a week, eight hours a day. She was able to run the

shop by herself, taking care of patients and dispensing cannabis. Considering the four broad areas of mental functioning set forth in the disability regulations for evaluating mental impairment (the " Paragraph B" criteria, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00 (A)(2)(b)), the ALJ found no limitations, as evidenced by plaintiff's ability to work as a cashier, interact with the public, work full eight-hour days, perform her duties independently, and manage her own personal care. (AR 40.) The ALJ is entitled to draw logical inferences from the evidence. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (cited sources omitted). Because the ALJ's interpretation of the evidence is rational and supported by substantial evidence, his conclusions are properly upheld. Plaintiff does not demonstrate error in the ALJ's evaluation of these four functional areas.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this <u>24th</u> day of February, 2020.

Mary Alice Theiler
United States Magistrate Judge